IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RAYMOND ALLEN,

      Petitioner,

v.                              Case No. 2:08-cv-000184

TERESA WAID, Acting Warden,
Huttonsville Correctional Center,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 28, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of West Virginia (docket sheet document # 1). On or about March 20, 2008, United States Magistrate Judge John S. Kaull determined that the petition should be treated as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and transferred the case to this United States District Court because it is the court with jurisdiction over the county in which Petitioner was convicted.

Pending before the court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely Filed (# 18). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

**A.   Petitioner's underlying criminal proceedings.**

On May 11, 2000, Petitioner was indicted by a Fayette County grand jury on 61 counts of felony sexual offenses (Case No. 00-F-27). (# 18, Ex. 1).  That same day, Petitioner was charged in a second indictment with another 61 counts of felony sexual offenses (Case No. 00-F-28)(id., Ex. 2), for a total of 122 counts.

On July 25, 2000, Petitioner pled guilty to 12 counts of Sexual Assault in the Third Degree, stemming from six counts from each indictment.  (Id., Ex. 3).  By Order entered December 19, 2000, the Circuit Court of Fayette County sentenced Petitioner to 12 indeterminate terms of 1-5 years each, with 10 of the 12 sentences to be served consecutively, and two terms to be served concurrently with each other and with the other ten.  (Id.).

Petitioner did not appeal his conviction and sentence to the Supreme Court of Appeals of West Virginia (the "SCAWV").

**B.   Petitioner's state post-conviction proceedings.**

On July 26, 2001, Petitioner filed a pro se Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. (Case No. 011642).  (Id., Ex. 4).  The SCAWV refused that petition on April 24, 2002.  (Id.)

On May 23, 2002, Petitioner filed a pro se Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 02-C-158).  (Id., Ex. 5).  By Order entered May 30, 2002, the

2

Circuit Court dismissed that petition.  (<u>Id.</u>)

On June 17, 2002, Petitioner filed a Petition for Appeal from the denial of his Fayette County habeas corpus petition in the SCAWV.  (<u>Id.</u>, Ex. 6).  The SCAWV refused that Petition for Appeal on September 27, 2002.  (<u>Id.</u>)

On February 24, 2003, Petitioner filed a second <u>pro</u> <u>se</u> Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 03-C-28).  (<u>Id.</u>, Ex. 7).  By order entered March 3, 2003, the Circuit Court of Fayette County dismissed that petition.  (<u>Id.</u>)  Petitioner did not appeal the denial of that petition.

On July 1, 2003, Petitioner filed a second <u>pro se</u> Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV (Case No. 031566).  (<u>Id.</u>, Ex. 8).  The SCAWV summarily refused that petition by order entered November 20, 2003.  (<u>Id.</u>)

On January 7, 2004, Petitioner filed a third <u>pro se</u> Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 04-C-9).  (<u>Id.</u>, Ex. 9).  The Circuit Court dismissed that petition by Order entered August 4, 2004.  (<u>Id.</u>)

On October 22, 2004, Petitioner filed a <u>pro se</u> Petition for Appeal from the denial of his third Fayette County habeas corpus petition in the SCAWV (Case No. 041996).  (<u>Id.</u>, Ex. 10).  The SCAWV refused that Petition for Appeal on June 29, 2005.  (<u>Id.</u>)

On December 20, 2005, Petitioner filed a fourth <u>pro</u> <u>se</u> Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 05-C-400). (<u>Id.</u>, Ex. 11). The Circuit Court dismissed that petition by order entered January 19, 2006. (<u>Id.</u>) Petitioner did not appeal that decision.

On July 31, 2006, Petitioner filed a fifth <u>pro se</u> Petition for a Writ of Habeas Corpus, this time in the Circuit Court of Randolph County, where he was incarcerated (Case No. 06-C-171). (<u>Id.</u>, Ex. 12). By order entered August 10, 2006, that case was transferred to the Circuit Court of Fayette County (Case No. 06-C-309). (<u>Id.</u>) The Circuit Court of Fayette County dismissed the petition by order entered November 15, 2006. (<u>Id.</u>)

On February 5, 2007, Petitioner filed a sixth <u>pro</u> <u>se</u> Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 07-C-40). (<u>Id.</u>, Ex. 13). The Circuit Court dismissed that petition by order entered October 26, 2007. (<u>Id.</u>) Petitioner did not appeal that decision.

On October 15, 2007, Petitioner filed a seventh <u>pro</u> <u>se</u> Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County (Case No. 07-C-400). (<u>Id.</u>, Ex. 14). The Circuit Court denied that petition by order entered October 26, 2007. (<u>Id.</u>)

On November 27, 2007, Petitioner filed a <u>pro</u> <u>se</u> Petition for Appeal from the denial of his seventh Fayette County habeas corpus

4

petition in the SCAWV (Case No. 073504).  (Id., Ex. 15).  The undersigned's staff has determined that this Petition for Appeal was refused by the SCAWV on June 17, 2008.

**C.  Petitioner's current federal petition.**

On December 28, 2007, Petitioner filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, raising only one ground for relief.  Petitioner asserts that the "Trial court failed to follow up on a request for a mental evaluation." Petitioner further states:

> The Court, during a hearing, asked my attorney if he planned to apply for a mental evaluation and the attorney said "yes."  At a later hearing it was made known that the attorney never applied and the court never ordered one.

(# 1 at 4-5).

By Order entered March 24, 2008, the undersigned directed that Respondent file an answer or other response to the petition by April 30, 2008.  (# 13).  On May 8, 2008, Respondent filed a Response to Petition for Writ of Habeas Corpus (# 17), a Motion to Dismiss Writ of Habeas Corpus as Untimely Filed, with accompanying exhibits (# 18), and a Memorandum of Law in support thereof (# 19).

On May 22, 2008, Petitioner filed a Response to Respondent's Motion to Dismiss.  (# 20).  Respondent did not file a reply brief. The matter is now ripe for determination.

## ANALYSIS

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**A.   Petitioner's petition is untimely.**

Petitioner did not file a Petition for Appeal in the SCAWV following his conviction and sentencing.  Thus, his judgment became final upon the expiration of the four-month time period for filing such a petition, which occurred on April 19, 2001.  Therefore, the one-year statute of limitations under section 2241(d)(1) began to run on April 20, 2001.  As noted by Respondent, absent a tolling event, the last date on which Petitioner could have filed a timely section 2254 petition was April 20, 2002.  (# 19 at 7).

<u>Application of the tolling provision</u>

As noted above, Petitioner's one-year limitation period began to run on April 20, 2001.  Respondent asserts that the limitation period ran for 97 days, until Petitioner filed his first original jurisdiction habeas corpus petition in the SCAWV on July 26, 2001.  That petition was refused by the SCAWV on April 24, 2002.  The statute of limitations remained tolled throughout that period.

The statute of limitations began to run again on April 25, 2002, and ran for 28 days until Petitioner filed his first habeas corpus petition in the Circuit Court of Fayette County on May 23, 2002.  At that time there were 240 days remaining under the statute of limitations.  The statute was tolled until September 27, 2002, when the SCAWV refused Petitioner's first habeas appeal.

The statute began to run again on September 28, 2002, and ran for 149 days until Petitioner filed his second Fayette County

habeas corpus petition on February 24, 2003, tolling the statute with 91 days remaining.  The statute of limitations remained tolled until the time period had run for Petitioner to appeal the denial of his second Fayette County habeas corpus petition, or until July 3, 2003.

By that time, Petitioner had filed his second original jurisdiction habeas corpus petition in the SCAWV (which was filed on July 1, 2003).  Thus, the statute of limitations remained tolled until November 20, 2003, when the SCAWV refused that petition.

As argued by Respondent, the statute of limitations began to run again on November 21, 2003, and ran for 47 days, until Petitioner filed his third Fayette County habeas corpus petition on January 7, 2004, with 44 days remaining under the statute.  The statute was then tolled again until the SCAWV refused Petitioner's Petition for Appeal from the dismissal of his third Fayette County habeas corpus petition on June 29, 2005.  The statute of limitations then began to run again on June 30, 2005, and expired 44 days later, on August 12, 2005.

Petitioner filed the instant section 2254 petition on December 28, 2007, more than two years after the expiration of the statute of limitations.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition was untimely under 28 U.S.C. § 2244(d)(1)(A).

**B.   Petitioner's argument for an alternative deadline and/or equitable tolling of the statute of limitations.**

In his response to Respondent's Motion to Dismiss (# 20), Petitioner argues that the one-year statute of limitations should be calculated under subsection (B) of section 2244(d)(1). Petitioner states:

> This petitioner had to rely on another inmate to file his actions because of his mental capacity, which is a topic of this claim, in a prison setting, it is hard to trust anyone when one has sex charges and convictions, this petitioner came across an incompetent "legal representative" who had a thing against people with sexual convictions and this rep. filed an unrealistic amount of habeas' [sic; habeases] in Circuit Court and didn't exhaust the proper remedies but instead, used the mental defectiveness of this petitioner and filed improperly, this representative was hired by the State Facility to represent inmates with legal issues, this representative is a certified paralegal and acted in that capacity and just like a Public Defender, should be held in the capacity of a State worker since this Facility is responsible for checking the references of this individual, therefore (B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;"
>
> In this instance, the violation of the Constitution would be the 1st amendment rights to the Courts and this representative is and was hired by this State Facility as a representative, therefore his actions prevented the petitioner from filing in the proper order.

(# 20 at 3).  Petitioner also appears to be arguing that, because neither the magistrate judge who presided over Petitioner's case in the United States District Court for the Northern District of West Virginia, or the undersigned, once the case was transferred to this

district, summarily ordered that the petition be dismissed as untimely, and because he did not actually file his petition under section 2254, the petition should not be dismissed as untimely under section 2244(d)(1).  These contentions lack merit.

First, Petitioner argues that the conduct of the inmate representative who assisted him with his post-conviction petitions was state action that prevented him from timely filing his section 2254 petition.  There is no right to counsel in habeas corpus proceedings, and Petitioner is responsible for his own filings. See Pennsylvania v. Finley, 481 U.S. 551 (1987); Coleman v. Thompson, 501 U.S. 722, 756 (1991).

Second, although the United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling, see Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000), Petitioner's case is not appropriate for equitable tolling of the statute of limitations.  As to when equitable tolling should apply, the Court has stated:

> We believe, therefore, that any resort to equity must be
> reserved for those rare instances where - due to
> circumstances external to the party's own conduct - it
> would be unconscionable to enforce the limitation period
> against the party and gross injustice would result.

Id. at 330.  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some

10

kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  Id.

As noted by Respondent, Petitioner's pro se status, his ignorance of the statute of limitations, and even his mental status, are not sufficient bases for equitable tolling of the statute of limitations.  See, e.g., United States v. Sosa, 364 F.3d 507. 512 (4th Cir. 2004)(pro se status and ignorance of the law do not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999)(unfamiliarity with the legal process, illiteracy and lack of representation do not merit equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations).  (# 13 at 9). Petitioner has not demonstrated any circumstances indicating that it would be unconscionable to enforce the statute of limitations or that a gross injustice would result.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated any extraordinary circumstances sufficient to justify equitable tolling of the one-year statute of limitations for filing his section 2254 petition.

Finally, a defense that a petition is untimely under the AEDPA statute of limitations is an affirmative defense. Thus, the fact that neither Magistrate Judge assigned to this case summarily dismissed Petitioner's petition is not a sufficient basis to argue against dismissal now. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002).

**RECOMMENDATION**

For the reasons state herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (# 18) and **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for

good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

<u>     October 9, 2008     </u>
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge